

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

IRIA HAPSARI H. KLINE ) No. ED112419
)
    Appellant, ) Appeal from the Labor and
) Industrial Relations Commission
)
vs. )
)
DIVISION OF EMPLOYMENT SECURITY, )
)
    Respondent. ) FILED: January 21, 2025

### Opinion

Iria Hapsari H. Kline (Appellant) appeals from the decisions of the Labor and Industrial Relations Commission (Commission) upholding the Division of Employment Security's (Division's) finding that she was overpaid state and federal unemployment benefits. Appellant appealed from both overpayment determinations to Division's Appeals Tribunal, which set her appeals for hearings. In her sole point on appeal, Appellant argues that she was improperly deprived representation during the hearing on her appeals because Division failed to provide the requisite notice to her counsel of record (Attorney). Because there is not sufficient and competent evidence in the record that Division notified Attorney of the hearing, we reverse Commission's decisions and remand for further proceedings consistent with this opinion.

Background

In 2021 and 2023, Division issued two overpayment determinations to Appellant. First, on November 2, 2021, Division notified Appellant that she was overpaid $2,920.21 in state unemployment compensation benefits between April 11, 2020 and July 25, 2020. Second, on April 5, 2023, Division notified Appellant that she was overpaid $9,600 in Federal Pandemic Unemployment Compensation benefits during same time period. Appellant retained representation by Attorney and appealed from both overpayment determinations. Division recognizes Attorney as counsel of record on both overpayment determination appeals. Appellant filed the Petition for Reassessment on the state benefits, and Attorney entered his appearance on behalf of Appellant and filed the Petition for Reassessment on the federal benefits.

Division set the appeals for two telephone hearings: the state benefits appeal was set for July 25, 2023 at 8:15 a.m., and the federal benefits appeal was set for the same day at 8:30 a.m. As permitted by § 288.190.2[1], the Appeals Tribunal Referee, also known as a Hearing Officer, addressed both appeals at the first scheduled start time.

The transcripts on appeal and legal files[2] contain the following evidence relevant to notice of the hearing. Appellant appeared with her Husband by telephone at the 8:15 a.m. hearing. The transcript begins when Referee stated they were on the record. Referee identified the appeal number and asked if both Appellant and Husband would be testifying. Referee did not ask Appellant about Attorney, who was on the record as representing Appellant. Referee introduced herself and the issues on appeal, then asked Appellant if she had any questions about how the hearing would proceed, to which Appellant answered yes. Referee informed Appellant the appeals packet was mailed to her on July 7, 2023. Appellant denied receiving the appeals

[1] All statutory references are to RSMo (2016), unless otherwise indicated.
[2] We consolidated appeals numbered ED112419 (state benefits) and ED112421 (federal benefits).

packet, and the Referee took administrative notice that the appeals packet would be entered into the record as exhibits—one for the state benefits and one for the federal benefits.

Both exhibits begin with an Address Cover Sheet listing Appellant's name and address followed by a Notice of Telephone Hearing. Neither the Address Cover Sheets nor the Notices of Telephone Hearing are accompanied by a shipping label or other indicia of mailing. The Notice of Telephone Hearing for the state benefits appeal is addressed to Appellant and states that notice was provided to the following parties:

> Parties Notified:
> DIVISION WITNESS
> IRIA HAPSARI KLINE
> J CHRISTOPHER WEHRLE[3]

The Notice of Telephone Hearing for the state benefits appeal also identifies "Claimant's Attorney" and lists his correct address. The Notice of Telephone Hearing for the federal benefits appeal does not identify anyone as "Claimant's Attorney" and lists only Appellant for "Parties Notified."

When reviewing the contents of appeals packet aloud at the hearing, Referee noted that Attorney filed Appellant's Petition for Reassessment of the federal benefits overpayment determination. Referee did not ask Appellant if she wished to proceed without Attorney present or continue the hearing to a later date. Referee swore in Appellant and Appellant's Husband, who was there to support her. Referee proceeded to ask questions of Appellant, who sought Husband's assistance but was told he could not speak for her. Appellant testified she had started repaying the state benefits. After Referee's questions, Husband spoke briefly about the payments and their financial situation, including Appellant's continued unemployment in her late sixties and his recent cancer diagnosis in his late eighties. Referee concluded the hearing and

---

[3] Attorney's name is misspelled in the notice as Wherle.

3

subsequently entered the Appeals Tribunal decisions upholding both overpayment determinations. In both decisions, the procedural history stated Appellant's appeal was heard by means of a telephone conference after due notice to the interested parties.

Attorney filed Appellant's Applications for Review to Commission, which alleged, among other claims:

> [Attorney] did not receive notice of the hearing prior to the hearing. [Appellant] attempted to contact [Attorney] to bring him into the telephonic hearing, but was told by the [Referee] that [Appellant] "did not need" counsel and was forced by the [Referee] to proceed without counsel. [Attorney] feels this was a violation of [Appellant's] civil rights and right to have counsel at the hearing.

Commission affirmed and adopted the Appeals Tribunal decisions. This appeal follows.

Standard of Review

Appellate review of Commission decisions is governed by § 288.210 and article V, section 18 of the Missouri Constitution. *Wattree v. Div. of Emp. Sec.*, 698 S.W.3d 471, 476 (Mo. App. W.D. 2024) (internal citation omitted). We may modify, reverse, remand for rehearing, or set aside Commission's decision only if we find that: (1) Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the decision is not supported by the facts; or (4) the decision is not supported by sufficient competent evidence in the record. § 288.210.

"Article V, section 18 of the Missouri Constitution was crafted in furtherance of the separation of powers with the obvious purpose and requirement 'that the judiciary stand as an independent check against abuse by the executive branch when it undertakes a judicial or quasi-judicial function.'" *Wattree*, 609 S.W.3d at 476–77 (quoting *Spire Missouri, Inc. v. Pub. Serv. Comm'n*, 618 S.W.3d 225, 232 (Mo. banc 2021)). "Pursuant to article V, section 18, judicial review of administrative findings and decisions that are judicial or quasi-judicial and affect

4

private rights 'shall include the determination whether the same are authorized by law, and, in cases in which a hearing is required by law, whether the same are supported by competent and substantial evidence upon the whole record.'" *Id.* (quoting MO. CONST. art. V, § 18; *Spire Missouri*, 618 S.W.3d at 231).

We are not bound by Commission's legal conclusions or application of law, which we review *de novo*. *Boyd v. Div. of Emp. Sec.*, 687 S.W.3d 44, 47 (Mo. App. E.D. 2024) (internal citation omitted). Nor do we view the evidence and inferences in the light most favorable to Commission's decision. *Wattree*, 698 S.W.3d at 477 (citing *Spire Missouri*, 618 S.W.3d at 231). Rather, we defer to Commission's factual findings to the extent they are supported by competent and substantial evidence. *Boyd*, 687 S.W.3d at 47 (internal citation omitted); *see also Seck v. Dep't of Transp.*, 434 S.W.3d 74, 79 (Mo. banc 2014) (internal citation omitted) (noting "a court reviewing factual findings by an administrative agency must consider all of the evidence that was before the agency and all of the reasonable inferences that may be drawn from that evidence, including the evidence and inferences that the agency rejected in making its finding"). Without substituting our own findings or judgment for that of Commission, we must reverse Commission's decision if, after reviewing the whole record, we are convinced it is not supported by competent and substantial evidence. *Wattree*, 598 S.W.3d at 477 (citing *Ferry v. Bd. of Educ. of Jefferson City Pub. Sch. Dist.*, 641 S.W.3d 203, 206 (Mo. banc 2022); *Spire Missouri*, 618 S.W.3d at 231–32). "This approach grants an appropriate measure of deference to the agency's role as finder of fact, while also adhering to the independent responsibility entrusted to the judiciary by the people of Missouri in the Missouri Constitution." *Id.* (citing MO. CONST. art. V, § 18; *Spire Missouri*, 618 S.W.3d at 232).

We review Commission's decision and not the decision of Appeals Tribunal. *See Poljarevic v. Div. of Emp. Sec.*, 676 S.W.3d 521, 523 (Mo. App. E.D. 2023) (internal citation omitted). When the Commission adopts the decision of the Appeals Tribunal, as here, we consider the Appeals Tribunal's decision to be that of the Commission for purposes of review. *Id.*

Discussion

In her sole point on appeal, Appellant argues Commission erred in affirming Appeals Tribunal's denial of her state and federal benefits overpayment appeals because the record lacks prima facie evidence that Division sent Attorney notice of the hearings, thereby wrongfully depriving Appellant of counsel. Division concedes the record contains no prima facie evidence that it notified Attorney of the hearing on the federal appeal. Division nevertheless contends the decisions should be upheld because the record contains prima facie evidence that Division sent notice to Attorney on the state benefits appeal, which was the first hearing setting at 8:15 a.m. Division further reasons that notice on the state appeal permits a reasonable inference that it sent notice on the federal appeal. We find that not only does the record fail to show notice was sent to Attorney on the federal appeal, as conceded by Division, the record likewise fails to show notice was sent to Attorney on the state benefits appeal in that there is no evidence of mailing to him. We therefore reverse Commission's decisions on the grounds that the decisions were not supported by competent and substantial evidence in the record. *See* § 288.210.

Rule 100.02[4] governs judicial review of administrative decisions and provides that the record on appeal "shall be prepared and certified by the [C]ommission as being true, accurate, and complete." Rule 100.02(f). Additionally, § 288.210 specifies that Commission shall provide

---

[4] All rule references are to Mo. R. Civ. P. 2024.

this Court with "all documents and papers on file in the matter[.]"  We cannot decide the appeal in favor of Division where the documents on which it relies to support its claims are not provided in the record.  *Boyd*, 687 S.W.3d at 48 (citing *Rowe v. Se. Mo. Residential Servs.*, 599 S.W.3d 924, 925–26 (Mo. App. S.D. 2020)).

Division must comply with all applicable statutes and regulations.  *See Lienhard v. Total Lock & Sec., Inc.*, 658 S.W.3d 247, 251 (Mo. App. E.D. 2022) (internal quotation omitted) (noting "[A]ppeals [T]ribunal possesses 'no authority to act beyond or contrary to the Division's regulations in force and effect'").  Among those applicable rules is the requirement to notify counsel of record of appeal hearings.  Specifically, "[a]ny party subject to any decision of an appeals tribunal pursuant to this chapter has a right to counsel[.]"  § 288.190.5.  Notice of Appeals Tribunal hearings must be mailed to the address of record in the appeal file of each party and to any attorney who has entered an appearance.  8 CSR 10-5.015(5)(A).[5]  When reviewing Appeals Tribunal decisions for Division's compliance with this or any other requirement, "[C]ommission may affirm, modify, reverse, or set aside the decision of the appeals tribunal on the basis of the evidence previously submitted in such case or may take additional evidence or may remand the matter to the appeals tribunal with directions."  § 288.200.  Commission is thus tasked with reviewing the decision of Appeals Tribunal and must have

---

[5] All CSR references are to the current State Code of Regulations.  8 CSR § 10-5.015(5), last amended in 2018, states in full:

    (A) Notice of Hearing shall be mailed, by regular United States mail, to the address of record in the appeal file of each party, attorney who has entered an appearance, and others appearing in a representative capacity who have filed notice of intent to represent.  Notices shall be mailed at least seven (7) days prior to the date of the hearing.  These notices shall specify the date, time and place or method of hearing and shall set forth the address of the office to which all requests or other correspondence concerning the hearing should be directed.

    (B) The hearing officer or the designated appeals' clerk shall complete a certification that the Notice of Hearing was mailed to each of the parties and representatives of record at the addresses listed in the official file.

before it, and provide to us, a sufficient record from which to determine whether such compliance occurred for the decision to stand. *See* §§ 288.200, .210.

In this case, whether Attorney received notice of the date and time of the hearings for Appellant's overpayment determination appeals is essential to deciding whether Appeal Tribunal's decisions, and, in turn Commission's decisions, were legally valid. Division suggests we may infer Attorney received notice of the hearings for both overpayment appeals based on prima facie evidence in the Notice of Telephone Hearing for the state benefits appeal. The record does not support Division's argument.

First, there is no indicia of mailing. "Missouri courts have long found that the presence of a copy of a letter in a legal file falls short of competent and substantial evidence to support a finding that a letter was indeed mailed on a particular date." *Wattree*, 698 S.W.3d at 478 (citing *Boyd*, 587 S.W.3d at 49–50) (finding a copy of an unsigned Overpayment and Penalty Determination notice listing a mailing date was not competent and substantial evidence that Division mailed the claimant notice of overpayment on that date). Where notice is at issue, a finding that notice was sent on a particular date is not supported by sufficient evidence absent supporting documentation in the record, such as copies of an envelope, a certified mail receipt,[6] or an affidavit certifying that notice was sent. *See id.* (citing *Boyd*, 587 S.W.3d at 49). The Notice of Telephone Hearing for the state benefits appeal, which is part of the exhibit Referee introduced at the hearing, contains no evidence of mailing. [7] *See id.*

---

[6] We note that Division is not required to send the Notice of Telephone Hearing by certified mail but rather by regular mail. *See* 8 CSR § 10-5.015(5)(A).

[7] In comparison, the Legal Files' Notices of Assessment of Overpaid Benefits: Payment Due Immediately contain USPS Tracking Numbers and barcodes. Additionally, Division suggests there is no legal significance to the Address Cover Sheet with Appellant's address on it that precedes the Notice of Telephone Hearing. This is consistent with the fact that the Address Cover Sheet also lacks indicia of mailing.

Second, the Notice of Telephone Hearing is addressed to Appellant—not to Attorney. This is particularly important given that "[t]he records of the division shall constitute prima facie evidence of the date of mailing or the date of electronic transmission of any notice, determination or other paper mailed or electronically transmitted." § 288.245, RSMo. (Cum. Supp. 2019). Even if the Notice of Telephone Hearing established prima face evidence that notice was mailed to Appellant on the date listed at the top of the notice, July 7, 2023, whether notice of the hearing was sent to Appellant is not at issue. *See Wattree*, 698 S.W.3d at 478. We recognize that the Notice of Telephone Hearing states that Appellant is represented by Attorney, provides Attorney's correct mailing address, and states Attorney was notified. The record is silent as to when such notice was sent. At most, this shows Division's own records reflect that Appellant was represented by counsel for the state benefits appeal and, perhaps, that Division notified ***Appellant*** on July 7, 2023 that it notified Attorney. However, the Notice of Telephone Hearing on the state benefits appeal does not establish competent and substantial evidence that Division sent the requisite notice of the hearing to Attorney. *See id.*

8 CSR § 10-5.015(5)(B) requires Referee or a designated Division appeals clerk "complete a certification that the Notice of Hearing was mailed to each of the parties and representatives of record[.]" No such certification was included in the record before us. Given that Commission is required under Rule 100.02(f) to prepare a sufficient record to decide the appeal, we could presume from the absence of evidence of notice to Attorney that the missing evidence is unfavorable to Division. *See Boyd*, 687 S.W.3d at 49 (citing *Dash v. Mitchell*, 663 S.W.3d 859, 866 (Mo. App. E.D. 2023)). In *Boyd*, the claimant disputed whether Division emailed her notice of overpayment determinations, but Commission failed to produce the emails for the appellate record, and this Court reversed and remanded due to insufficient evidence that

the claimant filed her appeals out of time. *Id.* at 49–50. Similarly, Division has not provided a record on appeal that contains competent and substantial evidence that it sent Attorney notice of either hearing setting, despite knowing the issue on appeal was whether such notice was sent to Attorney. *See id.*

As in *Boyd*, the error "runs deeper" than simply failing to produce a complete record on appeal. *See id.* at 49. The Notice of Telephone Hearing for the federal appeal addressed to Appellant is blank where there is a spot to identify the claimant's attorney and does not state that any parties other than Appellant were notified. Division concedes there is no prima facie evidence that it sent notice of the telephone hearing for the federal appeal. This is particularly concerning because Division represented to this Court that it knew Attorney was representing Appellant on **both** the state and federal appeals prior to the hearing, yet Referee did not mention Attorney at the hearing until reviewing the exhibit for the federal appeal. At that point, Referee acknowledged on the record that Appellant's federal appeal was filed by Attorney[8]—***the very appeal for which Division concedes it has no evidence that notice was sent to Attorney.*** These incongruent facts "substantially diminish our confidence in the completeness of the record as mandated by [statute] and the accuracy of the Commission's . . . mandated Rule 100.02(f) certification of completeness[.]" *Rowe*, 599 S.W.3d at 931–32 (scrutinizing Commission's records in a workers' compensation appeal). Our confidence is further undermined by how the finding by Appeals Tribunal in both appeals that due notice of the hearings was sent to the

---

[8] If a claimant is known to have counsel, best practices for a quasi-judicial officer like an Appeals Tribunal referee and/or hearing officer would include asking the claimant whether they wish to proceed without counsel present or continue the hearing to a later date. *See Jones v. State Dept. of Pub. Health & Welfare*, 354 S.W.2d 37, 40–41 (Mo. App. K.C.D. 1962) (quoting *Morgan v. United States*, 304 U.S. 1, 22 (1938) (noting "[a] referee is a quasi-judicial officer" and "[w]e are mindful of the admonition to administrative agencies by the Supreme Court of the United States . . . [that] '[t]he maintenance of proper standards on the part of administrative agencies in the performance of their quasi-judicial functions is of the highest importance and in no way cripples or embarrasses the exercise of their appropriate authority'")).

interested parties is not followed by any statement that Attorney failed to appear, despite Division maintaining that Attorney was counsel of record and was given notice. *See id.* The decisions note only that Appellant and one witness appeared and conspicuously do not mention Attorney's absence.

Section 288.190.2 requires Commission to consider as evidence all Division records that are material to the issues. Commission had the burden to review the record before Appeals Tribunal, on which it could have taken additional evidence on the notice issue raised in Appellant's Applications for Review or remanded the matter for the Appeals Tribunal to produce a record supporting its finding that due notice of the hearings was sent to the interested parties. *See* § 288.200. Commission also had the burden to prepare and certify the record on appeal in this Court as true, accurate, and complete. *See* Rule 100.02(f). We cannot say Commission supplied this Court with a record sufficient to support its decisions affirming the denial of Appellant's overpayment determination appeals by competent and sufficient evidence. *See* Rule 100.02(f); § 288.210; *Boyd*, 687 S.W.3d at 48–49. Commission could not have rendered a decision authorized by law without supporting evidence. *See* § 288.190.2; *Wattree*, 609 S.W.3d at 477 (citing MO. CONST. art. V, § 18; *Spire Missouri*, 618 S.W.3d at 231); *Boyd*, 687 S.W.3d at 49–50 (internal citations omitted). Here, Commission's decisions affirming Appellant's overpayment determinations are in error because they are not supported by sufficient competent evidence in the record that Division sent the requisite hearing notice to Attorney. *See* § 288.210. The point is granted.

Conclusion

Commission's decisions are reversed and remanded for further proceedings consistent with this opinion.

11

_____
Rebeca Navarro-McKelvey, J.

Lisa P. Page, P.J., and
Patricia Breckenridge, SP. J., concur.